CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

June 11, 2026

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

|  |  |
|---|---|
| OMAR C. WHITE, JR. | CASE NO. 6:25-CV-00111 |
| *Plaintiff,* | |
| v. | **MEMORANDUM OPINION & ORDER** |
| DELTA STAR, INC., ET AL., | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Invoking § 301 of the Labor Management Relations Act ("LMRA"), Plaintiff sues his employer, Delta Star, Inc. ("Delta Star"), and his union, International Brotherhood of Electrical Workers Local Union 2173 ("Union 2173"). Dkt. 20. He claims his employer breached the collective bargaining agreement ("CBA") in multiple ways across several years, and that his Union breached its duty of fair representation by failing to investigate and advance his grievances. *Id.* Both Union 2173 and Delta Star have moved to dismiss Plaintiff's hybrid § 301 claim. Dkts. 27, 30. For the following reasons, Union 2173's motion will be denied as moot and Delta Star's motion will be denied.

## I.    BACKGROUND

According to Plaintiff, who is proceeding *pro se*, Delta Star breached the CBA in several ways, including:

1.  Paying him as a "Level 3" assembler while requiring him to perform the duties of a "Level 5" assembler, *see* Am. Compl., Dkt. 20 ¶¶ 10–12;

2.  Failing to post and properly award positions based on experience, *id.* ¶¶ 13–15; and

3.  Taking disciplinary actions against him on March 5 and 18, 2025, and October 27, 2025, without following the CBA's procedures, *id.* ¶¶ 17–21.

Plaintiff also alleges that Union 2173 "failed to process grievances, failed to investigate claims, failed to enforce clear CBA violations" and "allowed improper discipline, improper job assignments, and improper pay practices to continue without challenge." *Id.* ¶¶ 22–26. He claims he notified Union 2173 about ongoing breaches of the CBA as late as October 24, 2025, and that it did nothing to address his grievances. *Id.* ¶ 25.

Left with unresolved grievances, Plaintiff filed this lawsuit. Dkt. 1, 20. Union 2173 moves to dismiss Plaintiff's amended complaint, citing Fed. R. Civ. P. 12(b)(5) and arguing that it was never properly served. Dkt. 30, 31. For its part, Delta Star moves to dismiss Plaintiff's § 301 claim, citing Fed. R. Civ. P. 12(b)(6) and arguing that: (1) Plaintiff fails to allege that Union 2173 acted arbitrarily or in bath faith by declining to investigate or pursue his grievances; (2) any grievances pre-dating June 2025 are time-barred by § 301's six-month statute of limitations; (3) Delta Star could not have breached the CBA's grievance procedures when Union 2173 never initiated a grievance on Plaintiff's behalf; and (4) Plaintiff did not exhaust his claims by pursuing the CBA's grievance and arbitration procedures. Dkts. 27, 28. Plaintiff opposes dismissal, Dkts. 34, 35, and alternatively requests additional time to serve Union 2173, Dkt. 36. Judge Memmer recently granted Plaintiff's motion for additional time to serve the union. Dkt. 44.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal if there has been "insufficient service of process." Rule 4 outlines the requirements for service in federal court, including that a corporation may be served: (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1) (B); or (2) in the same manner as any individual, Fed. R. Civ. P. 4(h)(1)(A). In turn, an individual may be served by "following state law for serving

2

a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where a plaintiff fails to state a claim. To resolve Rule 12(b)(6) motions, the Court applies the familiar *Twombly*/*Iqbal* standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in its favor. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). So long as the complaint alleges "enough facts to state a claim to relief that is plausible on its face," the motion to dismiss must be denied. *Twombly*, 550 U.S. at 555. Moreover, the Court must liberally construe Plaintiff's complaint because he is proceeding *pro se*. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

## III.    ANALYSIS

### A.  Union 2173's Motion to Dismiss

Because Judge Memmer already gave Plaintiff until July 8, 2026, to effectuate service,[1] *see* Dkt. 44, Union 2173's motion to dismiss for insufficient service must be denied as moot. *See, e.g.*, *Caywood v. Deloitte Servs. LP*, 2025 WL 1457183, at *1 (N.D. Tex. May 21, 2025) (denying Rule 12(b)(5) motion where the court had already extended the time to serve under Rule 4); *Bowen v. Elanes New Hampshire Holdings, LLC*, 166 F. Supp. 3d 104, 110 (D. Mass. 2015) (same). Per Judge Memmer's Order, Dkt. 44, Union 2173 may renew its motion to dismiss if Plaintiff does not serve it with a copy of the amended complaint by July 8, 2026.

---

[1]    In support of its motion to dismiss, Union 2173 identified its President, Jonathan Thomas, as an appropriate officer to receive service on its behalf. Dkt. 31-1. Mr. Thomas's affidavit, however, withheld any reference to the appropriate address where Union 2173 can be served. *Id.* It appears, though, that Union 2173 may be served at 1520 Campbell Avenue, Lynchburg, VA 24501. *See* https://ibew.org/local-union-directory/.

3

**B.  Delta Star's Motion to Dismiss Plaintiff's § 301 claim**

As already noted, Delta Star seeks dismissal, arguing that: (1) Plaintiff failed to adequately plead that Union 2173 breached its duty of fair representation, (2) his claims are time-barred, and (3) he failed to exhaust the CBA's grievance and arbitration procedures.

### 1.  Plaintiff's allegations are sufficient regarding the breach of Union 2173's duty of fair representation.

Generally, to seek relief under § 301 of the LMRA, an employee must "attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). However, oftentimes those grievance and arbitration remedies cannot be utilized directly by the employee but instead can only be invoked by the union. *Id.* Therefore, the law does not punish the employee for failing to exhaust the CBA's grievance or arbitration remedies *if* his union breaches its duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 186 (1967). Instead, the employee can bring a hybrid § 301 claim, which requires dual allegations that: (1) his employer breached the CBA, and (2) his union breached its duty of fair representation. *DelCostello*, 462 U.S. at 163–64 ("the two claims are inextricably interdependent. . . to prevail against either the company or the Union ... [the employee] must not only show [a breach of the] contract but must also carry the burden of demonstrating a breach of duty by the Union."). At this stage, Delta Star only challenges whether Plaintiff has adequately pled that Union 2173 breached its duty of fair representation.

As the exclusive bargaining representative of employees, the union has "a statutory duty to fairly represent all of those employees, both in its collective bargaining . . . and in its enforcement of the resulting collective bargaining agreement." *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 372–73 (1990)) (quoting *Vaca*, 386 U.S. at 177). "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a

statutory obligation to serve the interests of all members without hostility or discrimination toward any, and to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Id.* "Mere negligence, even in the enforcement of a collective-bargaining agreement, [does] not state a claim for breach of the duty of fair representation." *Id.*; *see also Carpenter v. W. Va. Flat Glass, Inc.*, 763 F.2d 622, 624 (4th Cir. 1985). Instead, to breach the duty of fair representation, the union must handle the grievance "arbitrarily, discriminatorily, or in bad faith." *Vaca*, 386 U.S. at 190. A union breaches this standard if it "ignores a union member's complaint or represents the union member in a perfunctory manner." *Hypes v. Cyprus Kanawha Corp.*, 40 F.3d 1244 (4th Cir. 1994); *see also Staudner v. Robinson Aviation, Inc.*, 853 F. App'x 806, 809–10 (4th Cir. 2021).

Delta Star asserts that Plaintiff "has not pled any factual allegations that could support a reasonable inference that [Union 2173] acted arbitrarily or in bad faith by declining to investigate or pursue grievances." Dkt. 28 at 5. Not so. Plaintiff, for example, alleges he received a disciplinary write-up on March 18, 2025, in contravention of the CBA, and that "no grievance meeting was ever held" and the "union failed to represent [him]." *Id.* ¶ 45. He also alleges that on July 26, 2025, a less qualified candidate was awarded a promotion over Plaintiff in violation of the CBA and that Union 2173 did not investigate the violation or invoke the CBA's grievance procedures. *Id.* ¶ 48.

Accepting these allegations as true, granting Plaintiff all reasonable inferences, and liberally construing his pleading, the Court must reject Delta Star's argument that Plaintiff has not pleaded sufficient facts to establish a breach of Union 2173's duty of fair representation. Plaintiff's allegations that he identified CBA violations and Union 2173 ignored those violations—without investigating and without invoking the grievance procedures—are sufficient to plead the second prong of a hybrid § 301 claim (*i.e.*, the fair representation prong).

Delta Star also points to Plaintiff's concession that Union 2173 utilized the CBA's grievance process to have the March 5, 2025 reprimand rescinded. But singling out one example where Union 2173 intervened on Plaintiff's behalf does not make his amended complaint untenable, especially where he alleges other breaches of the CBA that Union 2173 did not investigate or grieve. *E.g.*, Dkt. 20 ¶¶ 18–25, 45–47, 50–51.

Accordingly, Delta Star's motion to dismiss must be denied to the extent it argues that Plaintiff pleaded insufficient facts to state a claim.

### 2. Statute of Limitations

Delta Star also argues that Plaintiff's claims should be dismissed because they are time barred. Dkt. 28 at 5–6. A six-month statute of limitations applies to hybrid § 301 claims. *DelCostello*, 462 U.S. at 172; *Int'l Longshoremen's Ass'n v. Cataneo Inc.*, 990 F.2d 794, 799 (4th Cir. 1993). Where the CBA requires the union to invoke the contractual grievance procedures, a hybrid § 301 claim does not accrue until the "employee knows or reasonably should know that the union has breached its duty of fair representation." *Skyberg v. United Food Commercial Workers Int'l Union*, 5 F.3d 297, 301 (8th Cir. 1993); *see also Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002); *Reese v. Virginia Int'l Terminals, Inc.*, 2011 WL 13371214, at *5 (E.D. Va. Oct. 19, 2011).

Here, Plaintiff's amended complaint includes allegations of CBA violations dating to 2023 and 2024. Dkt. 20 ¶¶ 40–43. Because Plaintiff did not file this case until December 11, 2025, alleged CBA violations dating back to 2023 and 2024 are *likely* time barred. However, where, as here, the affirmative defense of the statute of limitations is raised in a motion to dismiss, "the factual basis for dismissal must appear on the face of the complaint." *Shifflette v. Anzalone*, 2019 WL 3457616, at *2 (D. Md. July 31, 2019); *see also Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005) ("Unless the complaint alleges facts that create an ironclad defense, a

limitations argument must await factual development."); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (stating that "because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred"). When there is a chance that factual disputes regarding the accrual of the statute of limitations could be resolved in the Plaintiff's favor, the affirmative defense must be tabled until summary judgment. *See Viking Energy Corp. v. Certain Underwriters at Lloyd's London*, 2024 WL 3416284, at *5 (S.D.W. Va. July 15, 2024).

In this case, the Court cannot conclusively say that based on the face of the complaint any of the CBA violations mentioned in the amended complaint are time barred. For example, Plaintiff claims that three months elapsed between an alleged CBA violation and an initial grievance meeting. *E.g.*, Dkt. 20 ¶ 47.  In instances like this, where the employer and union delay the grievance process, it is impossible to resolve at the motion to dismiss stage when the employee "knew or reasonably should have known that the union has breached its duty of fair representation." *Reese*, 2011 WL 13371214, at *5.

Because, at this stage, the Court must resolve any factual ambiguity in Plaintiff's favor, Delta Star's motion to dismiss based on the statute of limitations must be denied.

### 3.  Exhaustion

As noted above, an employee is ordinarily "required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *DelCostello*, 462 U.S. at 163–65 (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965)). Delta Star argues that Plaintiff's allegations are "insufficient to show that he 'made a good faith effort to exhaust his grievance and arbitration remedies,' or that the Union wrongfully refused to process his grievances." Dkt. 28 at 9–10. As already discussed, Plaintiff has sufficiently alleged that Union

2173 either ignored his complaints or only addressed them in a perfunctory manner. *E.g.*, Dkt. 20 ¶¶ 18–25, 45–47, 50–51; *see also Staudner*, 853 F. App'x at 809–10. Because hybrid § 301 actions exist to avoid the "unacceptable injustice that would occur if an employee were required to exhaust his contractual remedies even though 'the union representing the employee in the grievance/arbitration procedure act[ed] in a discriminatory, dishonest, arbitrary, or perfunctory fashion,'" Groves v. Commc'n Workers of Am., 815 F.3d 177, 181–82 (4th Cir. 2016), and because Plaintiff has alleged his union acted in a perfunctory manner, there is no exhaustion requirement.

Accordingly, Delta Star's motion to dismiss based on lack of exhaustion of CBA remedies must be denied.

## IV.    CONCLUSION

For the forgoing reasons, Union 2173's motion to dismiss (Dkt. 30) is **DENIED AS MOOT**, and Delta Star's motion to dismiss (Dkt. 27) is **DENIED**.

Moreover, Plaintiff's motions to file sur-replies (Dkts. 41 and 42) are **DENIED AS MOOT**.

And finally, Delta Star has moved to stay the pretrial deadlines in the scheduling order. That motion (Dkt. 40) is also **DENIED AS MOOT** because the Court will enter an amended scheduling order extending the pretrial deadlines by approximately sixty (60) days. That should permit sufficient time for Plaintiff to serve the union and for the parties to meet those initial discovery deadlines.

The Clerk shall provide a copy of this Order to all counsel of record and to Plaintiff at his last known address.

Entered this 11th day of June, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE