CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/10/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| OMAR C. WHITE, JR., *Plaintiff*, v. DELTA STAR, INC., ET AL., *Defendants.* | CASE NO. 6:25-CV-00111<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

Plaintiff Omar White is suing his employer, Delta Star, Inc., for race discrimination, failure to promote, and retaliation, and his union, International Brotherhood of Electrical Workers Local 2173, for breach of the applicable collective bargaining agreement under the Labor Management Relations Act. *See* Dkt. 56 at 1. Delta Star moves to dismiss White's Title VII claims, arguing that he fails to allege that any adverse action was taken against him, or that any such action was taken because of his race. *See* Dkt. 60. White opposes dismissal, arguing that he sufficiently alleges how he was systematically treated worse than his white colleagues. *See* Dkts. 64, 69. For the reasons that follow, White's race discrimination and retaliation claims must be dismissed; however, he has adequately pleaded a failure-to-promote claim.

## LEGAL STANDARD

To survive a motion to dismiss, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Kensington Volunteer Fire Dep't, Inc., v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual

allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Threadbare recitals" and "conclusory statements" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The allegations of a *pro se* plaintiff "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2009) (citation modified). *Pro se* claims should be "liberally construed." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citation modified). But that principle has limits. Courts do not need to discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.3d 1274, 1278 (4th Cir. 1985). And, as relevant here, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## DISCUSSION

Delta Star seeks dismissal of White's race discrimination, failure to promote, and retaliation claims. The Court will consider each of these claims in turn.

### I. RACE DISCRIMINATION

White alleges that during the time of his employment, Delta Star discriminated against him by subjecting him to harsher disciplinary treatment than comparable white colleagues. Dkt. 56 ¶ 15. Title VII forbids an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 200e-2(a)(1). Count III of White's Second Amended Complaint alleges that Delta Star "subjected Plaintiff to disciplinary actions that Plaintiff alleges were not imposed upon

similarly situated white employees engaging in comparable conduct." Dkt. 56 ¶ 62. It also alleges that Delta Star "appl[ied] employment practices that Plaintiff alleges disproportionately disadvantaged [him] because of race," "failed to apply [Equal Employment Opportunity] policies consistent in Plaintiff's case," and "treated similarly situated white employees more favorably with respect to . . . disciplinary decisions." *Id.* ¶¶ 65–70.[1]

A claim of discrimination "in the enforcement of employee disciplinary measures by reference to a comparator" requires that (1) the plaintiff is a member of a protected class, (2) the plaintiff's prohibited conduct was comparable in seriousness to misconduct of employees outside the protected class, and (3) the disciplinary measures enforced against the plaintiff were more severe than those enforced against the other employees. *Seabrook v. Driscoll*, 148 F.4th 264, 270 (4th Cir. 2025). "When a plaintiff offers a comparator, the plausibility of [his] claim depends upon whether that comparator is similarly situated." *Id.* at 271 (affirming dismissal of comparator claim where the complaint was "silent regarding their jobs, whether their roles were similar to [the plaintiff's] leadership position, and the identity of the supervisors who disciplined them").

Because White pleads no facts establishing that his comparators were similarly situated, he fails to state a claim for race discrimination in employment discipline. White alleges that after his supervisor, Austin Surratt, issued him a "disciplinary action" concerning his "brief use" of a personal cell phone on the job, Surratt "declined to investigate [White's] complaints that similarly situated white employees routinely engaged in comparable or more extensive personal cellular telephone use during work hours without receiving comparable discipline." Dkt. 56 ¶¶ 199–202. But although White states that these white employees were "similarly situated", he pleads no

[1] Count III also alleges disparate treatment in promotion at Delta Star. Because those allegations are duplicative of the disparate treatment alleged in Count IV, the Court will construe Count III to allege race discrimination in employment discipline, and consider any pleaded facts related to disparate treatment in promotion in Count IV.

facts—such as their job titles and responsibilities, the circumstances of their alleged infractions as compared to White's, and the like —to allege that they were in fact similarly situated. *Cf. Seabrook*, 148 F.4th at 271; *Johnson v. Baltimore*, 163 F.4th 808, 815–16 (4th Cir. 2026) (requiring "sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison" that could plausibly support an inference of discrimination). White's conclusory labels are insufficient to raise his claim to relief "above a speculative level," *Twombly*, 550 U.S. at 555, and Count III therefore fails to state a claim.

## II. Disparate Treatment in Promotions

White also alleges that Delta Star "repeatedly denied [him] equal promotional opportunities," "imposed additional promotional requirements not consistently imposed upon similarly situated white employees, [and ] delayed [his] advancement despite acknowledging his qualifications." Dkt. 56 ¶ 15. Specifically, he claims that Delta Star failed to promote him to the position of Level 5 Finaling Assembler because he is African American. Although he ultimately received the promotion, White alleges that this was "only after completing an extended evaluation process, performing higher-level responsibilities, repeatedly requesting advancement, and engaging in activity protected under Title VII." Dkt. 56 ¶ 95. He also alleges that less qualified white employees were promoted before he was. *See id.*

"A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job-related action." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). Intentional discrimination can be alleged via direct or indirect evidence. *See Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019). When there is no direct evidence of discriminatory intent, discrimination can be shown using the burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, the

plaintiff carries the initial burden of establishing discrimination. *See* 411 U.S. 792, 802. To do so in a failure to promote case, a plaintiff must show that: (1) he is a member of a protected group, (2) he applied for the position in question, (3) he was qualified for the position, and (4) he was rejected for the position "under circumstances giving rise to an inference of unlawful discrimination." *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 544–45 (4th Cir. 2003). This typically requires the plaintiff to show that he was more qualified for the position than the person promoted or that, as between his race and the employer's proffered reason for promoting the alternative candidate, the plaintiff's race is more likely the reason that he was not promoted. *See, e.g., Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994).

Because White does not offer direct evidence of discrimination, his claim will be analyzed under the *McDonnell Douglas* framework.[2] There is no dispute that White is a member of a protected group and that he applied for the position in question. *See* Dkt. 56 ¶ 77. However, Delta Star argues White has insufficiently alleged that he was qualified for the position and was rejected because of his race. *See* Dkt. 61 at 4–5. The Court disagrees.

White alleges that he was qualified for the position because he "possessed the experience, technical knowledge, departmental familiarity, demonstrated leadership, and work performance necessary to perform successfully in the Level 5 position." Dkt. 56 ¶ 79. According to White, Delta Star "acknowledged" his qualifications explicitly at a meeting, *see id.* ¶ 208, and implicitly "by entrusting [him] with responsibilities beyond [his] existing classification, including leadership assignments, employee training, operational coordination, and projects intended to improve departmental operations." *Id.* ¶ 80. Taking White's factual assertions as true and drawing

---

[2] "Direct evidence encompasses conduct or statements that both (1) reflect directly the alleged discriminatory attitude, and (2) bear directly on the contested employment decision." *Laing v. Fed. Express Corp.*, 803 F.3d 713, 717 (4th Cir. 2013) (citation modified).

reasonable inferences in his favor, as the Court must, White has adequately alleged that he was qualified for the position.

White has also alleged sufficient facts to create an inference that he was discriminated against because he is African American. For example, White alleges that in 2025, when Delta Star posted vacancies for multiple Level 5 Finaling Assembler positions, he timely submitted bids for the available positions. Dkt. 56 ¶¶ 87–88. Other employees, who were white, were selected over White despite the facts that "those employees lacked Plaintiff's level of experience within the Finaling Assembly Department and had not demonstrated the same combination of departmental knowledge, leadership responsibilities, and hands-on experience that Plaintiff had accumulated over several years." *Id.* ¶ *90.* Delta Star is alleged to have "continually expanded the standards [White] was required to satisfy before promotion," and "did not consistently impose comparable cumulative requirements upon similarly situated white employees seeking advancement." Dkt. 56 ¶¶ 85–86. "[A]t least one selected [white] employee had not previously worked within the Finaling Assembly Department," and according to White, "therefore lacked [his] departmental experience and familiarity with its operations." Dkt. 56 ¶ 249. "[A]nother selected white employee likewise lacked Plaintiff's extensive Finaling Department experience when awarded the promotion." *Id.* ¶ 250. Although there is no "bright-line" rule for what makes two comparators "similar" for purposes of a Title VII claim, courts consider whether the employees "were subject to the same standards" and "had comparable experience" and "other qualifications". *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019). White's allegations that less experienced white co-workers were promoted before him are sufficient to allege discrimination at the pleading stage.

In the alternative, Delta Star argues that White's claim fails as a matter of law because

Delta Star's promotion procedures are governed by a collective bargaining agreement ("CBA") with the International Brotherhood of Electrical Workers, Local Union 2173. According to Delta Star, "uniform application of these job progression procedures to Union employees, including White, is not discriminatory" because "it demonstrates that internal promotion decisions were made in accordance with and as required by the CBA, and were therefore made for legitimate, nondiscriminatory, nonretaliatory reasons." Dkt. 61 at 4. Although that argument may be suitable at the summary judgment stage, it is less so here, where White claims (and the Court must accept as true) that the CBA was breached during his promotional process. *See, e.g.*, Dkt. 56 ¶ 131. Moreover, Delta Star cites no legal authority or factual pleadings to support its argument's applicability at the motion to dismiss stage. Accordingly, White's failure to promote claim (Count IV) will not be dismissed.

### III. Retaliation

Finally, White alleges that Delta Star retaliated against him after he "opposed what [he] reasonably believed to be unlawful race discrimination." Dkt. 56 ¶ 15. He argues he would have been promoted but for his opposition to perceived unlawful employment practices. *Id.* ¶¶ 100–22. Title VII bars retaliation against an employee who has opposed a practice that Title VII forbids. *See Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 718 (4th Cir. 2024); 42 U.S.C. § 2000e-3(a). To state a claim for retaliation under Title VII, White must allege that (1) he engaged in protected activity, (2) he suffered an adverse action, and (3) there is a causal relationship between his protected activity and the adverse action. *See Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010). White adequately alleges protected activity and adverse action. But because he fails to allege causation, his retaliation claim will be dismissed.

Protected activity is conduct opposing any unlawful employment practice. "Complaints

raised through internal company procedures are recognized as protected activity," *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021), as is a formal EEOC charge, *see* 42 U.S.C. § 2000e-3(a). White alleges that throughout his employment, he "repeatedly opposed what [he] reasonably believed to be unlawful race discrimination and unequal treatment." Dkt. 56 ¶ 102. White "complained internally to supervisors, management personnel, Human Resources personnel, and other representatives of Defendant regarding delayed promotions, unequal disciplinary treatment, and discriminatory employment practices." *Id.* ¶ 103. He also "requested equal promotional opportunities and fair application of Defendant's employment policies" and "challenged disciplinary actions that [he] believed were improperly issued or enforced consistently." *Id.* ¶¶ 104–05. He hired a lawyer, who "notified" Delta Star that he believed they "had engaged in unlawful employment discrimination and requested preservation of relevant evidence." *Id.* ¶ 263. And he "subsequently filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging race discrimination and retaliation." *Id.* ¶ 265. White's repeated formal and informal complaints about unlawful employment practices are sufficient to allege protected activity.

Adverse action is that which "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 656 (4th Cir. 2023). "[D]ischarge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion" are adverse actions, *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999), but "petty slights, minor annoyances, [or] simple lack of good manners" are not, *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). Although White was eventually promoted, he alleges that "the eventual promotion did not remedy the months of delayed advancement, unequal treatment, or lost compensation experienced before

the promotion became effective." Dkt. 56 ¶ 270. He also alleges that, following his protected activity, Delta Star "continued scrutinizing [his] work performance," and he was "later issued an additional disciplinary action"—seemingly the cell phone issue—that "was unsupported and inadequately investigated." Dkt. 56 ¶ 275. Moreover, White alleges, Delta Star "continued assigning [him] responsibilities extending beyond those ordinarily associated with his position," including "extensive leadership and operational reporting" that "substantially increased his workload" while he was "simultaneously maintaining full production responsibilities." *Id.* ¶¶ 278–82. This was done "without corresponding increases in compensation, staffing support, or available work time." *Id.* ¶ 281. Each of these actions, from the delay in a sought-after promotion to the additional duties and heightened scrutiny, would plausibly deter a reasonable person from protected activity. Accordingly, White has adequately alleged adverse action.

But a Title VII retaliation plaintiff must allege that the protected activity was the but-for cause of the adverse action, and here White's Second Amended Complaint falls short. *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249, 251–52 (4th Cir. 2015) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)). A retaliation plaintiff may allege causation by showing either a "temporal proximity between the protected activity and adverse action" or "other relevant evidence indicating continuing retaliatory conduct and animus toward the plaintiff." *Alberti v. Rector & Visitors of the Univ. of Va.*, 65 F.4th 151, 156 (4th Cir. 2023) (citation modified). To sufficiently allege causation via temporal proximity, a plaintiff must allege that their employer took adverse action against them "shortly after learning of the protected activity." *Penley v. McDowell Cnty. Bd. of Educ.*, 876 F.3d 646, 656 (4th Cir. 2017). Although there is no bright line rule, "without other evidence of causation, the gap between the protected activity and the adverse employment action can generally be no longer than two months." *Barnhill v. Bondi*, 138 F.4th

123, 132 (4th Cir. 2025). Absent temporal proximity, the plaintiff must plead evidence of continuing retaliatory conduct and animus. *See Alberti*, 65 F.4th at 156. That path contemplates evidence of "a pervasive sequence" of "events indicating disdain for or intermeddling with the protected activity." *Barnhill*, 138 F.4th at 132.

White alleges that he received a promotion on October 9, 2025, that was backdated to take effect August 31, 2025. Dkt. 56 ¶ 132. The first promotion that he alleges he was passed over for was posted on July 26, 2025. *Id.* ¶ 131. But he does not state with particularity when any protected activity took place, making it impossible to draw inferences from temporal proximity. And because he pleads no other facts indicating a causal relationship between his protected activity and the delay in his promotion (or any other adverse action), he falls well short of alleging the animus required for causal connection. Therefore, White fails to state a claim for retaliation. Count V will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Delta Star's motion to dismiss (Dkt. 60).

Counts III and V of the Second Amended Complaint are dismissed without prejudice. Count IV may proceed to discovery.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED**.

Entered this 10th day of November, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE